William K. Nelson SB#279450
Counsel for Service
Mark D. Miller SB#116349
SIERRA IP LAW, PC
P.O. Box 26028
Fresno, CA 93729-6028
Phone: (559) 436-3800
ipdocket@sierraiplaw.com

*Attorneys for Plaintiff*

(SPACE BELOW FOR FILING STAMP ONLY)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| MORGAN BROTHERS, INCORPORATED, a California Corporation,<br><br>Plaintiff,<br>v.<br><br>RONALD D. MORGAN, INC., a California Corporation,<br><br>Defendant. | Case No:<br><br>FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114), FALSE DESIGNATION OF ORIGIN AND FALSE ASSOCIATION (15 U.S.C. § 1125(a)(1)(A)), COMMON-LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION, UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200 ET SEQ.), BREACH OF CONTRACT; DECLARATORY JUDGMENT (28 U.S.C. §§ 2201 2202; 15 U.S.C. § 1119)<br><br>DEMAND FOR JURY TRIAL |

COMES NOW Plaintiff Morgan Brothers, Incorporated ("MBI" or "Plaintiff") and for its Complaint against Defendant Ronald D. Morgan, Inc. ("RDM" or "Defendant") hereby allege as follows:

## I. THE PARTIES

1. **Plaintiff Morgan Brothers, Incorporated** is a California corporation with its principal place of business at 2343 North Larkin Avenue, Fresno, California 93727. Plaintiff provides termite and pest-control services

under the SAN JOAQUIN PEST CONTROL name and related marks.

2. **Defendant Ronald D. Morgan, Inc.** is a California corporation with its principal place of business in Visalia, Tulare County, California. RDM operates a pest-control business under the SAN JOAQUIN PEST CONTROL name.

## II. JURISDICTION AND VENUE

3. **Subject Matter Jurisdiction:** This Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1338(a) and 15 U.S.C. § 1121 because this action arises under the Lanham Act, including 15 U.S.C. §§ 1114 and 1125(a).

4. This Court has jurisdiction over the related unfair competition claims under 28 U.S.C. § 1338(b) and supplemental jurisdiction over the related state-law claims under 28 U.S.C. § 1367 in that the state law claims are integrally interrelated with Plaintiffs' federal claims and arise from a common nucleus of operative facts such that the administration of Plaintiffs' state law claims with their federal claims furthers the interest of judicial economy.

5. An actual and immediate controversy exists concerning the parties' ownership, use, registration, and territorial rights in state and federal trademark rights. Declaratory and further relief are available under 28 U.S.C. §§ 2201 and 2202. Because this action involves federally registered trademarks, the Court also has authority under 15 U.S.C. § 1119 to determine rights to registration and direct appropriate action concerning the register.

6. **Personal Jurisdiction:** This Court has personal jurisdiction over Defendant RDM because it is incorporated and maintains its principal place of business in this District. RDM also purposefully conducts and advertises its pest-control business in Fresno County and surrounding communities, and the claims

arise from those activities.

7. **Venue:** Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Defendant RDM resides in this District and a substantial part of the events and omissions giving rise to these claims occurred here.

8. Assignment to the Fresno Division is appropriate under Local Rule 120(d) because the operative conduct and parties' businesses are located in Fresno and Tulare Counties.

## III. FACTUAL BACKGROUND

9. This action arises from Defendant RDM providing pest-control services in Fresno County under the SAN JOAQUIN PEST CONTROL service mark and related service marks, and other fictitious business names. This unauthorized use of the SAN JOAQUIN PEST CONTROL service mark and related service marks infringes Plaintiff MBI's trademark rights. Also, the provision of pest-control services by RDM in Fresno County violates a longstanding agreement between the parties, under which it was agreed that RDM would limit its pest-control business to areas south of Fresno County with license to use MBI's previously established service marks (including the SAN JOAQUIN PEST CONTROL service mark) subject to this geographic limitation. RDM has recently violated and continues to violate MBI's trademark rights as well as the agreement defining the Parties' respective territories for providing pest-control services.

10. Plaintiff MBI established use of the SAN JOAQUIN PEST CONTROL service mark for pest-control services at least as early as 1977, years before Defendant RDM's incorporation in January 1983. On information and belief, MBI and RDM entered an express oral agreement of indefinite term (the

"Territorial Agreement") in 1984 under which MBI would continue to provide pest control services in Fresno County, and in the areas north of Fresno County (the "MBI Territory") and RDM would provide pest control services south of Fresno County, including in Tulare and Kern Counties (the "RDM Territory"). As a further term of the Territorial Agreement, MBI licensed to RDM the use of MBI's previously established SAN JOAQUIN PEST CONTROL service mark and related marks within the RDM Territory. The parties also expressly agreed that neither would offer or provide competing pest-control services in the other's territory, whether under the name SAN JOAQUIN PEST CONTROL or under another business name.

11. For decades thereafter, the parties conducted their businesses under the restrictions of the Territorial Agreement. MBI respected RDM's allocated territory and permitted RDM to benefit from the established name and goodwill of the SAN JOAQUIN PEST CONTROL service mark, while continuing to develop its pest-control business in the MBI Territory. The parties' longstanding performance under the above terms confirmed the Territorial Agreement.

12. RDM has continued to enjoy the benefits of the territorial arrangement. However, RDM's recent expansion of its pest-control services into the MBI Territory has breached the Territorial Agreement and violated MBI's trademark rights. Those activities include (1) sponsored advertisements using the SAN JOAQUIN PEST CONTROL service mark to solicit customers in Fresno County, (2) promotion of RDM's pest-control services offered under the SAN JOAQUIN PEST CONTROL service mark and related marks through other businesses owned and controlled by RDM, and (3) operating competing pest-control businesses under other fictitious business names and service marks.RDM's use of other business names does not avoid its promise to refrain from competing in the MBI Territory, and its permission to use the SAN

JOAQUIN PEST CONTROL service mark and related marks in the RDM Territory does not authorize solicitation of customers or provision of pest-control services under the those marks in the MBI Territory.

13. RDM's activities in MBI's territory threaten the customer relationships and goodwill MBI has developed over decades and deprive MBI of the territorial protection for which it bargained. Consumer confusion has already occurred as a result of RDM's unauthorized and infringing activities in the MBI Territory and is an ongoing problem. MBI seeks to protect its established trademark rights, enforce the parties' territorial commitments under the Territorial Agreement, and prevent further diversion of business and misattribution of RDM's services to MBI and any form of confusion between the parties.

**A. MBI's business and trademark rights**

14. Plaintiff MBI was incorporated in California on February 29, 1968, under the name Azene Leasing Corporation. Its corporate name was changed to Morgan Brothers, Incorporated in 1977. Exhibit A attached hereto and incorporated herein by this reference provides public corporate information for MBI dating back to 1977. MBI remained the same corporate entity following that name change and continued the business through which it established its rights in the SAN JOAQUIN PEST CONTROL service mark.

15. MBI established use of the SAN JOAQUIN PEST CONTROL service mark in connection with termite and pest-control services at least as early as 1977 in central California, including in Fresno, Tulare, and Kern Counties, well before RDM's incorporation in 1983. MBI's priority rests on its establishment and continuous use of the SAN JOAQUIN PEST CONTROL service mark in the pest-control business, predating RDM's formation by at least five years.

16. MBI also uses a distinctive running mouse graphic as a service mark

and a composite logo combining that mouse graphic with the stylized wording SAN JOAQUIN PEST CONTROL. MBI established use of the mouse graphic in connection with its termite and pest-control services at least as early as 1979, before RDM's incorporation in January 1983. MBI also established the use of composite logos that combine the mouse graphic and the SAN JOAQUIN PEST CONTROL word mark, which is currently used by MBI and includes the wording ESTABLISHED 1972. The SAN JOAQUIN PEST CONTROL word mark, the running mouse graphic, and the composite logo are referred to collectively herein as the "SJPC Marks."

17. By the time RDM was formed in 1983, MBI had already established the SJPC Marks as service marks for its pest-control business. Through its longstanding provision and promotion of termite and pest-control services prior to RDM, MBI developed substantial goodwill and public recognition of the SJPC Marks. The SAN JOAQUIN PEST CONTROL word mark has acquired distinctiveness in Central California through MBI's use and promotion of the mark and its business. MBI's customer relationships, reputation, and source-identifying goodwill existed before RDM came into existence.

18. MBI has carried forward the provision of quality pest-control services and the use and promotion of the SJPC Marks in the MBI Territory since the Territorial Agreement, and customers recognize the SJPC Marks as identifying MBI's business in the MBI Territory. RDM subsequently used the San Joaquin Pest Control name and SJPC Marks with MBI's permission in the RDM Territory under the Territorial Agreement.

19. MBI owns United States Trademark Registration No. 7,059,200 for SAN JOAQUIN PEST CONTROL in standard characters, issued on the Principal Register on May 23, 2023, from Application Serial No. 97/279,335, filed February 22, 2022. A copy of this registration is attached hereto as Exhibit B and

incorporated herein by this reference.

20. MBI also owns United States Trademark Registration No. 7,059,202, issued on the Principal Register on May 23, 2023, from Application Serial No. 97/279,591, filed February 23, 2022. That registration covers the composite mark featuring the stylized wording SAN JOAQUIN PEST CONTROL, a running mouse design and the additional wording ESTABLISHED 1972. A copy of this registration is attached hereto as Exhibit C and incorporated herein by this reference.

21. Both of Plaintiff's registrations identify the following services in International Class 037: "Termite and pest control services, other than for agriculture, aquaculture, horticulture and forestry." The two registrations are referred to collectively as the "Registrations."

22. Plaintiff's Registrations constitute *prima facie* evidence of validity, MBI's ownership, and its exclusive right to use the registered marks for the identified services of the SJPC Marks. MBI also holds common-law rights arising from its many decades of actual use of the SJPC Marks.

23. RDM has challenged MBI's trademark registrations in cancellation proceedings in the United States Patent and Trademark Office: Cancellation Proceeding Nos. 92084857 and 92084857. In the present action, MBI seeks to address MBI's trademark rights as well as the additional issues of trademark infringement, false designation of origin and false association, and breach of contract resulting from RDM's conduct in Fresno County.

**B. The Business Separation and Territorial Agreement**

24. RDM was incorporated in California on January 10, 1983, following the development of the MBI pest-control business in which Ronald Morgan and Calvin Morgan had participated. A copy of RDM's Articles of

Incorporation, bearing the California Secretary of State's January 10, 1983 filing stamp and corporation number 1131466, is attached as Exhibit D and incorporated herein by this reference. The articles identify the corporation as RONALD D. MORGAN, INC. and submitted by Ronald D. Morgan as the organizer and initial agent for service of process. RDM was therefore formed nearly fifteen years after MBI's incorporation, at least five years after MBI's established use of SAN JOAQUIN PEST CONTROL as a service mark, and at least three years after MBI established use of the mouse logo.

25. In connection with Ronald Morgan's separation from MBI, RDM and MBI entered into an express oral agreement dividing their operations geographically and defining RDM's permission to use MBI's established SJPC Marks (the "Territorial Agreement"). On information and belief, the territorial division, the permission granted to RDM to use the SJPC Marks, and reciprocal restrictions on business operations in the respective MBI and RDM Territories were expressly agreed. The parties thereafter implemented and performed those agreed terms through their business conduct for decades.

26. Under the Territorial Agreement, MBI retained the San Joaquin Pest Control business in Fresno County and in the areas north of Fresno County (the "MBI Territory"). RDM conducted pest-control services south of Fresno County, including in Tulare and Kern Counties (the "RDM Territory"). The Fresno County's southern border was the agreed dividing boundary for their respective operations. RDM's right to operate under SJPC Marks in the RDM Territory arose from MBI's permission to use its previously established SJPC Marks in that designated territory.

27. The Territorial Agreement included an express reciprocal commitment that neither party would offer or provide competing pest-control services in the other party's territory, whether under the SJPC Marks or under any

other business name. These promises of the Territorial Agreement allowed MBI and RDM to operate their businesses without concern that they would be impeded by competition between themselves.

28. The parties exchanged valuable consideration through their reciprocal territorial commitments and division of the pest-control business. MBI refrained from competing for business allocated to RDM and permitted RDM to use MBI's SJPC Marks within the RDM Territory. RDM accepted those benefits and promised to refrain from offering or providing competing pest-control services in the MBI Territory under any name. The parties' reciprocal commitments protected the value of the business each was to operate following their separation.

29. MBI and RDM, acting through their authorized owners and representatives, adopted and performed the Territorial Agreement as governing their corporate operations. To the extent the arrangement was initially agreed by the owners before RDM's incorporation, RDM adopted and assumed it by accepting the territorial arrangement and the licensed use of the SJPC Marks, and performing the corresponding territorial obligations after its incorporation. MBI likewise accepted and performed the arrangement through its continuing pest-control business operations.

30. The Parties undertook decades of performance in which the territorial restrictions were observed, demonstrating their mutual assent to the existence and terms of the Territorial Agreement. The Parties' course of conduct implemented and corroborates the express oral agreement. Also, the Parties' conduct independently manifests an implied-in-fact contract containing the corresponding territorial and permissive-use terms, including the reciprocal restriction on competing pest-control services under California Civil Code § 1621.

31. From approximately 2014 through 2020, the Parties jointly used

a website that identified their respective offices and service areas. The Parties' cooperative use of the website also implemented their historical arrangement and promoted services through the offices responsible for the respective territories. The joint website did not amend the Territorial Agreement, did not confer on RDM any right to expand its pest-control business into the MBI Territory, did not authorize competition with MBI in the MBI Territory, and did not authorize expanded use of the SJPC Marks by RDM.

32. MBI retained ownership of the SJPC Marks and did not assign RDM any ownership interest in the SJPC Marks or authorize RDM to use the SJPC Marks in the MBI Territory. RDM's authorized use of the SJPC Marks under license from MBI has always inured to MBI's benefit, including with respect to MBI's trademark registrations to the extent provided under 15 U.S.C. § 1055. The license allowed RDM to provide pest-control services under the SJPC Marks in the RDM Territory. It did not authorize RDM to exploit the SJPC Marks in the MBI Territory, and cooperative use of the SJPC Marks through the joint website did not expand the license beyond the agreed geographic limits.

33. MBI has not agreed to any changes to the Fresno County boundary, has not agreed to eliminate the restriction on pest-control operations under other business names, and has not authorized RDM's expansion of its pest control services into the MBI Territory. No modification or termination of the Territorial Agreement has released RDM from any of its obligations thereunder. RDM's advertising and pest-control service activities in the MBI Territory exceed its territorial permission under the Territorial Agreement and its provision of services in the MBI Territory under the SJPC Marks constitute trademark infringement, false designation of origin, and false association.

**C. RDM's Sponsored Advertisements in the MBI Territory**

34. On information and belief, RDM has purchased, authorized, or caused sponsored internet advertisements using the SAN JOAQUIN PEST CONTROL service mark to solicit customers in the City of Fresno and elsewhere in the MBI Territory. A copy of a Google search-results screenshot taken in August 2026 showing a sponsored advertisement for RDM's website, www.sanjoaquinpestcontrolinc.com, with the displayed search location "McLane, Fresno, CA," is attached hereto as Exhibit E and incorporated herein by this reference. The advertisement offers the same category of pest-control services that MBI provides under its SAN JOAQUIN PEST CONTROL mark in the MBI Territory.

35. The sponsored advertisement prominently displays SAN JOAQUIN PEST CONTROL and directs viewers to RDM's website. In the Fresno search context, use of the identical name for identical services is highly likely to cause consumers to mistake RDM's advertised services for those of MBI or to believe that RDM's services are authorized by or affiliated with MBI in the MBI Territory. RDM's advertising activity and any consequent provision of pest-control services constitute trademark infringement, false designation of origin, and false association.

**D. RDM's "The Experienced Gardener" Business in the MBI Territory**

36. On information and belief, RDM owns, operates, and/or controls a pest-control services business called The Experienced Gardener ("TEG") and directs or authorizes its advertising of RDM's pest-control services. TEG promotes gardening services, pest-control services, and related services through the website experiencedgardener.com. The TEG service-area webpage identifies Fresno and Clovis among the communities it serves. The TEG website banner

contains a pest-control referral directing visitors to RDM's San Joaquin Pest Control website at www.sanjoaquinpestcontrolinc.com. A screen shot capturing the referral advertisement to RDM's San Joaquin Pest Control website is attached hereto as Exhibit F and incorporated herein by this reference.

37. The TEG website banner uses the SAN JOAQUIN PEST CONTROL word mark to promote RDM's indoor pest-control services, including insect and rodent services, to visitors to the TEG website. TEG expressly serves customers in the MBI Territory. RDM's San Joaquin Pest Control website reciprocally promotes TEG. On information and belief, RDM directs or authorizes these cross-referrals to solicit pest-control customers, including customers in the MBI Territory.

38. On information and belief, RDM is using the TEG website to promote and advertise RDM's pest-control services in connection with the SJPC Marks and to solicit pest-control customers in the MBI Territory. By using TEG as a referral channel for customers in the MBI Territory, RDM presents its SJPC-branded services to customers in the MBI Territory and directs those customers to RDM's business. Those solicitations exceed the geographic permission granted by the Territorial Agreement, undermine the territorial business protection promised to MBI, and constitute trademark infringement, false designation of origin, and false association.

39. Additionally, TEG offers pest-control treatments in the MBI Territory through its "Insect & Disease Control" services page at experiencedgardener.com/insect-disease-control/. That page identifies Fresno and Madera Counties among its service areas and advertises insecticide and miticide treatments for residential and commercial landscapes. The separate rodent-control page at experiencedgardener.com/rodent-control/ advertises removal of outdoor rodents and refers indoor rodent problems to RDM's San Joaquin Pest Control

business. A screen shot capturing the TEG website rodent control webpage is attached hereto as Exhibit G and incorporated herein by this reference. On information and belief, RDM offers and provides competing pest-control treatments through TEG in MBI's territory. This advertising and provision of pest control services in Fresno and Madera constitutes a breach of the Territorial Agreement, which requires RDM to refrain from offering or providing such services there under any business name.

**E. RDM's Acquisition and Operation of Pestman in the MBI Territory**

40. On information and belief, RDM acquired a business operating under the fictitious business name "PESTMAN TERMITE & PEST CONTROL" ("Pestman") in or about November 2024, and has thereafter operated it as an additional channel for providing termite and pest-control services. The public records attached as Exhibits H and I and incorporated herein by this reference show RDM's adoption of the Pestman pest-control business. RDM operates that business under the name PESTMAN PEST CONTROL.

41. Exhibit H is a copy of Tulare County fictitious-business-name record for PESTMAN TERMITE & PEST CONTROL. It identifies FBN Filing No. FBN-2024-2069, filed November 19, 2024, for PESTMAN TERMITE & PEST CONTROL, with RDM as registrant.

42. Exhibit I is a copy of the California Department of Consumer Affairs, Structural Pest Control Board record for Company Registration No. 9659, in the name PESTMAN TERMITE AND PEST CONTROL. The record states an issuance date of November 26, 2024, granting a Branch 2 and 3 license registration. It lists Rick Morgan as president and Matthew Morgan as treasurer, who, on information and belief, are both currently corporate officers of RDM.

43. The Pestman business advertises pest-control services in Fresno

County on its website, pestmanpestcontrol.com. The "Area We Serve" menu lists Fresno County and specifically identifies Fresno and Clovis, and the homepage provides a Fresno office telephone number and offers pest-control services in the Fresno area. Following its adoption of Pestman, RDM has offered and, on information and belief, provided competing pest-control services to customers in the City of Fresno and other locations within the MBI Territory through the Pestman business. Those activities compete directly with MBI and violate from the Territorial Agreement by offering or providing competing pest-control services in the MBI Territory under any name.

44. RDM's adoption of Pestman did not release RDM from its obligations under the Territorial Agreement. The Territorial Agreement restricts RDM from operating competing pest-control operations, including acquired operations conducted under a different name.

45. Moreover, on information and belief, RDM associates its Pestman business with the pest-control business it conducts under SAN JOAQUIN PEST CONTROL in a manner that makes consumers believe that they are provided by the same source. On information and belief, this has resulted in actual consumer confusion between the source of the pest control services provided by RDM under the Pestman service mark and MBI.

46. Exhibit J attached hereto and incorporated herein by this reference is a copy of a screenshot showing a one-star customer review on MBI's Google business profile from the account "D'Coldest TaEvadoit Hawj." The reviewer complained about pest-control service and described the business as a sister company to Pestman. MBI has no affiliation with Pestman. On information and belief, the reviewer's service experience concerned RDM's business rather than MBI's services, but the reviewer directed the complaint to MBI's Google profile because of confusion concerning an association of Pestman (an RDM fictitious

business name) and MBI.

47. The misdirected review exemplifies actual consumer confusion concerning business identity and the attribution of RDM's pest control service to MBI. It also illustrates the injury caused when dissatisfied customers associate RDM's service with MBI's reputation and goodwill. RDM's use of the SJPC Marks in the MBI Territory, together with its cross-promotion of related businesses, has caused and is likely to continue to cause consumer confusion concerning source, affiliation, and sponsorship between MBI and RDM.

### F. RDM's unlawful activities in the MBI Territory are causing commercial harm to MBI

48. As a direct and proximate result of RDM's advertising, solicitation, and provision of competing pest-control services in the MBI Territory, MBI has suffered and continues to suffer commercial injury, including diversion of business and lost revenue in amounts to be established through discovery and at trial. RDM's use of the SJPC Marks in the MBI Territory impairs MBI's goodwill and causes customers to attribute another business's service complaints to MBI. RDM's competing operations through the TEG and Pestman businesses also violate the Territorial Agreement and deprive MBI of the territorial business protection for which it bargained.

49. RDM is well aware of MBI's longstanding pest-control business in the MBI Territory, and its previously established rights in SJPC Marks from the parties' decades of dealings under the Territorial Agreement. RDM has accepted the benefits of its permitted use of the SJPC Marks in the RDM Territory, while providing competing pest-control operations under the SJPC Marks and through The Experienced Gardener and Pestman in the MBI Territory. On information and belief, RDM has knowingly undertaken those activities with

knowledge of MBI's rights and the territorial limits on RDM's pest control services under the Territorial Agreement.

50. RDM's advertising and competing services in the MBI Territory are ongoing. Unless restrained, RDM will continue soliciting and serving customers in MBI's territory, causing further business diversion, confusion, and loss of control over MBI's reputation. Damages alone will not adequately remedy the continuing injury to source identification, customer relationships, goodwill, and the territorial business protected by the agreement. Accordingly, injunctive relief is necessary to prevent further unauthorized use and continuing breaches of RDM's territorial obligations.

51. MBI seeks legal and equitable relief to remedy RDM's trademark infringement, false designation of origin, unfair competition, and breaches of the Territorial Agreement. MBI also seeks a declaration of the parties' respective trademark, licensing, and territorial rights, compensation for the resulting business harm, and an injunction preventing further infringement and enforceable territorial violations.

## IV. PLAINTIFF'S CLAIMS

### COUNT 1

### <u>Federal Trademark Infringement</u>

### <u>(15 U.S.C. § 1114)</u>

52. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 51 above as if fully set forth herein.

53. MBI owns the Registrations and the associated rights in the SJPC Marks for the registered services. RDM has no license or other authorization to use the registered marks in the MBI Territory, as explained above.

54. RDM has used the SJPC Marks in commerce in advertising, offering, and providing pest-control services in the MBI Territory without authorization, including through its sponsored advertising and referral advertising. The challenged conduct is commercial use of the SJPC Marks affecting commerce that Congress may regulate.

55. RDM's unauthorized use is likely to cause confusion, mistake, or deception about the source, sponsorship, or affiliation of its services, as alleged above. The RDM's challenged use exceeds the geographic scope of the parties' Territorial Agreement.

56. On information and belief, RDM has deliberately continued the challenged use with knowledge of MBI's trademark and territorial rights. RDM's conduct has caused and threatens further injury to MBI, including commercial loss and injury to goodwill.

57. MBI is entitled to appropriate preliminary and permanent injunctive relief, its actual damages, RDM's profits attributable to the infringement subject to the principles of equity, costs, and, if this case is found exceptional, reasonable attorneys' fees, under 15 U.S.C. §§ 1116 and 1117. MBI also seeks appropriate disposition of infringing materials under 15 U.S.C. § 1118, limited to the unlawful uses determined by the Court.

**COUNT 2**

**<u>False Designation of Origin</u>**

**<u>(15 U.S.C. § 1125(a)(1)(A))</u>**

58. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 57 above as if fully set forth herein.

59. MBI has protectable registered and common-law interests in the SJPC Marks and associated goodwill, including within the MBI Territory. These

trademark rights arise from actual use and acquired distinctiveness and do not depend solely on MBI's Registrations.

60. RDM's conduct has caused and threatens to cause injury to MBI's commercial interests in its sales, reputation, and goodwill. Customers seeking or evaluating MBI's services are diverted or led to attribute RDM's services to MBI, including as illustrated by the review discussed above in paragraphs 45-47.

61. RDM's conduct violates 15 U.S.C. § 1125(a)(1)(A) because it is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of RDM with MBI, or as to the origin, sponsorship, or approval of RDM's services, or commercial activities by MBI. MBI seeks relief available under 15 U.S.C. §§ 1116 and 1117, including appropriate injunctive relief, actual damages, attributable profits subject to equitable principles, costs, and reasonable attorneys' fees upon a finding that the case is exceptional.

## COUNT 3

## Common-Law Trademark Infringement and Unfair Competition

62. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 61 above as if fully set forth herein.

63. MBI holds protectable rights in the SAN JOAQUIN PEST CONTROL name, the SJPC Marks, and associated goodwill through its actual use, acquired distinctiveness, and the territorial arrangement. Within its established and protected territory, the SJPC Marks identify MBI's pest-control business.

64. RDM has used the SJPC Marks to advertise and offer competing services in MBI's territory without MBI's authorization and beyond any rights allocated to RDM. That conduct is likely to cause confusion about source or affiliation of RDM's services as MBI's services or as services authorized by MBI

there.

65. RDM's infringement and unfair competition have proximately caused and threaten further injury to MBI's business, sales, customer relationships, and goodwill. MBI seeks compensatory damages according to proof and appropriate injunctive relief under California law.

66. On information and belief, RDM's officers or managing agents authorized or ratified the deliberate use of the shared name and the challenged expansion with knowledge of MBI's rights and in conscious disregard of the resulting injury. To the extent that conduct is proved by clear and convincing evidence to constitute malice, oppression, or fraud under California Civil Code § 3294, MBI seeks punitive damages.

**COUNT 4**

**Unfair Competition**

**(California Business and Professions Code § 17200 et seq.)**

67. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 66 above as if fully set forth herein.

68. MBI holds protectable rights in the SJPC Marks and associated goodwill through its actual use, acquired distinctiveness, the Registrations, and the Territorial Agreement. Within its established and protected territory, the SJPC Marks identify MBI's pest-control business.

69. RDM's unauthorized and confusing use of the SJPC Marks in the advertising, offering, and provision of competing services in the MBI Territory constitutes an unlawful business practice because it violates Bus. & Prof. Code § 17200 et seq, and California common-law trademark protections.

70. The same course of conduct unfairly appropriates the source-identifying goodwill of MBI's established business and impairs customers' ability

to distinguish the parties' services. The unfairness alleged here is tethered to the policies and prohibitions against trademark infringement and false association. It is not based solely on RDM's status as a competitor or on a bare contractual breach.

71. MBI has suffered injury in fact and lost money or property as a result of RDM's challenged practices, including lost sales and revenue from diversion of business. The same practices threaten continuing economic injury and loss of control over MBI's goodwill.

72. MBI seeks injunctive relief and restitution under California Business and Professions Code § 17203, restoring monetary gains obtained by RDM through its unlawful practices, and prohibiting the unlawful practices and requiring appropriate corrective measures within RDM's control. Monetary damages for past conduct will not adequately prevent continuing confusion, repeated diversion, or further impairment of source identification and goodwill.

## COUNT 6

## Breach of the Territorial Agreement

73. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 72 above as if fully set forth herein.

74. The Territorial Agreement is a valid contract that includes terms requiring the territorial division and the reciprocal restriction against offering or providing competing pest-control services in the other party's territory under the SJPC Marks or any other name.

75. MBI and RDM are bound by the agreement through their authorized representatives and their adoption, acceptance, and performance of the arrangement. To the extent an express agreement is disputed, the parties' conduct

independently manifested their mutual assent to the same territorial undertaking as an implied-in-fact contract.

76. MBI performed all material conditions and obligations required of it under the agreement. The Territorial Agreement has not been amended or terminated to permit RDM's conduct challenged in the present complaint

77. RDM materially breached the Territorial Agreement by offering and providing competing pest-control services in MBI's territory through the Pestman and Experienced Gardener pest control service businesses, and by soliciting and providing pest control business under the SAN JOAQUIN PEST CONTROL mark in the MBI Territory. RDM's use of a different business name does not discharge its promise refrain from offering pest control services in the MBI Territory.

78. RDM's breaches proximately caused MBI loss of business and revenue and impairment of the territorial business and goodwill for which MBI bargained. MBI seeks compensatory damages according to proof under California Civil Code § 3300 and other applicable law.

79. Because repeated breaches threaten continuing injury to an established territorial business and customer relationships that cannot be fully repaired by damages, MBI also seeks appropriate injunctive enforcement of the negative territorial covenant, limited to the obligations and territory the Court determines are valid and enforceable.

## COUNT 7

## Breach of the Implied Covenant of Good Faith and Fair Dealing

80. MBI incorporates paragraphs 1 through 79 as though fully set forth herein, subject to the expressly stated alternative allegations.

81. The Territorial Agreement includes an implied covenant that neither

party will unfairly frustrate the other party's right to receive the benefits of the agreement. A principal benefit to MBI was protection of the territorial pest-control business and goodwill allocated to it.

82. MBI performed its material contractual obligations or was excused from performance. RDM accepted the benefits of the agreement, including the business and authorized use allocated to it.

83. On information and belief, RDM used its acquisition and operation of Pestman and the Experienced Gardener referral channel to intentionally obtain pest-control business in MBI's territory understanding that it would harm MBI's business, while attempting to avoid the territorial undertaking by conducting or channeling business through other fictitious business names. This conduct deliberately frustrates MBI's receipt of the territorial business protection for which it bargained.

84. This claim enforces the benefits and purposes of the actual Territorial Agreement, including the restrictions alleged above. It does not seek to impose a restraint inconsistent with that agreement or to enlarge any restriction in the agreement.

85. RDM's breach of the implied covenant proximately caused MBI commercial loss in an amount to be proved at trial. MBI seeks contract damages and appropriate equitable relief without duplicating recovery on its express-breach claim.

## COUNT 8

## <u>Declaratory Judgment Concerning Trademark and Territorial Rights</u>

## <u>(28 U.S.C. §§ 2201–2202; 15 U.S.C. § 1119)</u>

86. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 85 above as if fully set forth herein.

87. There is an actual, substantial, and immediate controversy between parties with adverse legal interests concerning ownership and registration of the SJPC Marks, the nature and geographic scope of RDM's permission or rights.

88. MBI seeks a declaration that it owns the SJPC Marks, that the Registrations are valid and owned by MBI, and denying cancellation of the Registrations sought in USPTO Cancellation Proceeding Nos. 92084857 and 92084857.

89. MBI also seeks a declaration that RDM's authorized use of the SJPC Marks is geographically limited under the Territorial Agreement; and that RDM has no unrestricted right to use the SJPC Marks to solicit or provide the challenged services in MBI's territory. RDM's expansion into MBI's Territory indicates that they do not agree with the boundary defined by the Territorial Agreement. They have also disputed the location of the boundary between the RDM Territory and the MBI Territory in communications with MBI.

90. MBI further seeks a declaration that the Territorial Agreement is binding and enforceable; that the parties' respective territories in the Central Valley of California are the MBI Territory that includes Fresno County and all areas north thereof, and the RDM Territory that consists of counties south of Fresno County, including Tulare and Kern; that the Fresno County southern border is the dividing boundary between the MBI Territory and the RDM Territory; that RDM's obligations include refraining from advertising or offering pest-control services in the MBI Territory under any name or mark, including the The Experienced Gardener and Pestman names; and that RDM's conduct challenged herein violates that agreement.

91. A declaration will resolve uncertainty governing ongoing business conduct, the Territorial Agreement, and the parties' rights in the SJPC Marks. MBI seeks any further relief necessary to implement that declaration under 28

U.S.C. § 2202 and any appropriate order concerning the Registrations under 15 U.S.C. § 1119.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray for judgment in their favor and against Defendant, as follows:

1. Preliminary and permanent injunctive relief, pursuant to Federal Rule of Civil Procedure 65, 15 U.S.C. § 1116, and applicable California law, binding RDM and those persons identified in Rule 65(d)(2) who receive actual notice, against using SJPC Marks or confusingly similar designations to advertise, solicit, offer, or provide the challenged pest-control services in the MBI Territory, as determined by the Court.
2. Appropriate injunctive enforcement of the Territorial Agreement against offering or providing competing pest-control services in MBI's territory through Pestman, The Experienced Gardener, or any other business name or mark, including through indirect referral arrangements, to the extent the Court determines that restriction is valid, binding, and applicable.
3. Corrective relief within RDM's control, including cessation or revision of infringing advertisements and referral promotions, appropriate geographic controls on the challenged advertising, and appropriate disclosures or corrections necessary to prevent confusion, with the measures and territory specified in the Court's order.
4. An accounting and recovery of RDM's profits attributable to violations of the Lanham Act, subject to the principles of equity and without duplicate recovery.

5. MBI's actual damages for infringement and unfair competition and compensatory damages for breach of contract and the implied covenant of good faith and fair dealing, in amounts established at trial, together with any adjustment authorized by 15 U.S.C. § 1117(a), without duplicate recovery.
6. Restitution of monetary gains obtained by RDM through its unlawful business practices pursuant to Cal. Bus. & Prof. Code § 17203.
7. A declaration of the parties' respective ownership, registration, licensing, and territorial rights as requested in the Count 8 above, including the validity and ownership of the SJPC Marks and the Registrations, and the enforceability, scope, and geographic boundaries of the Territorial Agreement.
8. Punitive damages solely on Counts 6 and 7 if the requirements of California Civil Code § 3294 are established.
9. Reasonable attorneys' fees if this action is found exceptional under 15 U.S.C. § 1117(a).
10. For an award of costs of suit incurred by Plaintiff, including but not limited to filing fees, service fees, witness fees, and the costs of discovery and investigation, as permitted by law.
11. For an award of pre-judgment interest and post-judgment interest at the maximum rate allowed by law on all applicable amounts, from the due date of each such amount until paid in full, to compensate Plaintiffs for the loss of use of monies due and owing.
12. For such other and further relief as the Court deems just and proper, including but not limited to any equitable relief (such as constructive trust or other measures) necessary to achieve fairness and to deprive Defendant of the benefits of their wrongful conduct.

Dated: September 22, 2026

SIERRA IP LAW, PC
A Professional Corporation

By /s/*William K. Nelson*
William K. Nelson
Attorneys for Plaintiff,

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment to the Constitution of the United States, Plaintiff hereby demand a trial by jury on all issues so triable.

Dated: September 22, 2026

SIERRA IP LAW, PC
A Professional Corporation

By /s/*William K. Nelson*
William K. Nelson
Attorneys for Plaintiff,